IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00455-MR

| | |
|---|---|
| SPENCER STRATTON by and through biological mother, natural guardian, next friend, guardian ad litem KATHY STRATTON,<br><br>    Petitioner,<br><br>vs.<br><br>STATE of NORTH CAROLINA, NORTH CAROLINA DEPARTMENT of HEALTH and HUMAN SERVICES, MECKLENBURG COUNTY DEPARTMENT of SOCIAL SERVICES, MECKLENBURG COUNTY CLERK of COURT,<br><br>    Respondents. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Petition for Writ of Habeas Corpus [Doc. 1] and the Petitioner's *pro se* Motion for Joinder of Additional Party. [Doc. 5].

**I.     BACKGROUND**

Spencer Stratton (the "Petitioner") is an adult male who was in the custody of the Mecklenburg County Department of Social Services ("MCDSS") at the time the present Petition was filed. [Doc. 1 at 1]. The

Petitioner first came into the MCDSS's custody on January 30, 2001, after the MCDSS filed a petition in the Mecklenburg County District Court alleging that the then-minor Petitioner and his nine minor siblings were neglected and dependent. Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 284 (4th Cir. 2013). On February 2, 2001, the Mecklenburg County District Court conducted a hearing on the matter and issued an order placing the children in foster care pending final adjudication of the neglect petition. Id. at 285.

On January 14, 2002, the Petitioner reached the age of majority. [Doc. 1 at 8]. He was given a competency assessment and determined to be incompetent on February 18, 2002. [Id.]. On February 19, 2002, the Mecklenburg County Superior Court denied the MCDSS's neglect petition and returned the Petitioner to the custody of his Petitioner's biological mother, Kathy Stratton. [Id.; Doc. 1-2 at 25].

On September 21, 2006, the Mecklenburg County Superior Court issued an order instructing the MCDSS to take custody of the Petitioner. [Doc. 1-2 at 16]. On the following day, the Mecklenburg County Superior Court entered an order removing Kathy Stratton as the Petitioner's guardian and appointing the MCDSS as the Petitioner's guardian. [Id. at 17].

From October 2006 until April 16, 2019, the Petitioner was in the custody of the MCDSS and resided in a North Carolina group home. [Doc. 1 at 9]. On April 16, 2019, Kathy Stratton took the Petitioner from that home, causing the North Carolina Department of Public Safety to issue a Silver Alert. [Id. at 9]. On April 18, 2019, the MCDSS filed a motion in Mecklenburg County Superior Court seeking an order authorizing law enforcement to take temporary custody of the Petitioner and return him to MCDSS custody. [Doc. 1-2 at 2]. On the same date, a Mecklenburg County Assistant Clerk of Superior Court issued an order directing law enforcement to secure physical custody of the Petitioner. [Id. at 3]. On March 9, 2020, law enforcement found the Petitioner in Maryland and returned him to MCDSS custody in North Carolina. [Doc. 1 at 10].

On March 17, 2020, Kathy Stratton filed a Petition for Writ of Habeas Corpus in the Mecklenburg County Superior Court on behalf of the Petitioner. [Doc. 1-2 at 54]. On March 20, 2020, the Mecklenburg County Superior Court denied the Petition. [Id.]. On May 20, 2020, Kathy Stratton appealed to the North Carolina Court of Appeals. [Id. at 52]. On May 27, 2020, the North Carolina Court of Appeals denied her appeal. [Id.]. On July 17, 2020, Kathy Stratton filed a writ of certiorari with the Supreme Court of North Carolina, which was denied on July 20, 2020. [Id. at 51].

3

On August 6, 2020, the Petitioner filed the present Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of North Carolina. [Doc. 1]. The Petition asserts that the Petitioner is unlawfully in the custody of the MCDSS pursuant to an unlawful order from the Mecklenburg County courts and must be released. [Id.]. On August 14, 2020, the Eastern District transferred this matter to this Court, finding that venue was proper because the Petition challenges actions committed within this District. [Doc. 3].

On August 18, 2020, the Petitioner filed a Motion for Joinder of Additional Party, asserting that MCDSS resigned its guardianship of the Petitioner and that Kevin Paul Oliver, a registered agent of Phoenix Counseling Center, was now the successor guardian of the Petitioner. [Doc. 5 at 1]. Accordingly, the Petitioner claims that Kevin Paul Oliver is a necessary party to be joined. [Id.].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, district courts must conduct a frivolity review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon

4

which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. The Court is also guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254;

When conducting a frivolity review, the Court must determine whether the filing raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). The frivolity review may also examine whether the Court has subject-matter jurisdiction over the action. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the Court determines "that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A *pro se* filing must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

5

Case 3:20-cv-00455-MR   Document 8   Filed 02/01/21   Page 5 of 11

## III. DISCUSSION

Kathy Stratton characterizes herself as the Petitioner's "biological mother, natural guardian, next friend, [and] guardian ad litem." [Doc. 1 at 17]. Nevertheless, she cannot file a *pro se* habeas petition on his behalf. Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit "unlicensed laymen to represent anyone other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir.2007) (internal quotation marks omitted). Accordingly, "[i]t is well settled that a *pro se* litigant may not represent another individual or entity in federal court, and a minor or incompetent plaintiff cannot proceed without counsel in a civil action." Peter B. v. Buscemi, No. CA 6:10-767-TMC, 2014 WL 6983356, at *7 (D.S.C. Dec. 10, 2014) (citing Myers v. Loudoun Cnty. Pub. Schools, 418 F.3d 395, 401 (4th Cir. 2005)); see also Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 133–34 (2d Cir. 2009); Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); Lewis v. Lenc–Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir., 1986). That prohibition also bars nonlawyers from representing individuals *pro se* based on guardianship or a power of attorney. Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton, 556 F. App'x 125, 125 (3d Cir. 2014). Because Kathy Stratton is a non-lawyer attempting to represent the

6

Petitioner *pro se* based on her purported status as his guardian ad litem, the Petition must be dismissed.

Even if the Petition were otherwise properly before the Court, it would be barred by the domestic relations exception to the Court's jurisdiction. "The domestic relations exception 'divests the federal courts of power to issue divorce, alimony, and child custody decrees,' Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992), and to rule on any issues that are inextricably intertwined with those matters. Kahn v. Kahn, 21 F.3d 859, 860-61 (8th Cir. 1994). "Federal courts "lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees."' Reale v. Wake Cty. Human Servs., 480 F. App'x 195, 197 (4th Cir. 2012) (quoting Ankenbrandt, 504 U.S. at 704)). In the Fourth Circuit, the application of the domestic relations exception is "guided by the principles announced in Cole v. Cole, 633 F.2d 1083, 1087-89 (4th Cir. 1980)." Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982). In Cole, the Fourth Circuit explained that district courts "must consider the exact nature of the rights asserted or of the breaches alleged" to determine whether the domestic relations exception applies. Cole, 633 F.2d at 1089. While federal courts have jurisdiction over cases that implicate domestic relations as part

7

of "generally cognizable common law torts[,]" they lack jurisdiction over cases that "seek a declaration of present or future rights as to custody or visitation." Wasserman, 671 F.2d at 834.  Because the Petition seeks the release of the Petitioner from his current guardianship, [Doc. 1 at 17], it implicates present and future rights regarding his custody and challenges the state court's prior determination of the Petitioner's legal guardian. Accordingly, the Court concludes that the Petition is barred by the domestic relations exception.

The Court further concludes that the Petition constitutes an improper exercise of habeas corpus.  "Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." Lehman v. Lycoming Cty. Children's Servs. Agency, 458 U.S. 502, 511, 102 S. Ct. 3231, 3237, 73 L. Ed. 2d 928 (1982).  While the Fourth Circuit has not directly addressed whether federal habeas corpus jurisdiction extends to adult guardianship cases, the First Circuit has held in a persuasive opinion that it does not because it involves an area of state domestic relations law. Hemon v. Office of Pub. Guardian, 878 F.2d 13, 15 (1st Cir. 1989).  In Hemon, a son filed an application for writ of habeas corpus seeking to nullify the Office of Public Guardian's status as guardian of his mother.  Id. at 14.  The First Circuit

noted that the Supreme Court has held that the federal habeas corpus statute does not confer jurisdiction to consider a collateral attack on a state court judgment that terminates domestic family rights because "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." Id. (quoting Lehman, 458 U.S. at 515-16 (1982)). According to the First Circuit, "the same concerns about federalism and finality that counsel against federal habeas jurisdiction over child custody disputes also counsel against federal habeas jurisdiction over disputes regarding guardianship. Id. at 15. The Court finds the First Circuit's reasoning in Hemon persuasive and consistent with precedent from the Fourth Circuit and the Supreme Court regarding the scope of the habeas right. Ankenbrandt, 504 U.S. at 693; Wasserman, 671 F.2d at 835; Doe, 660 F.2d at 106; Cole, 633 F.2d at 1087-89. Accordingly, the Court concludes that habeas relief is not available in adult guardianship cases like this one.

For these reasons, the Petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 1915A.

Because this action is being dismissed, the Motion for Joinder of Additional Party will be denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is hereby **DISMISSED** and the Petitioner's *pro se* Motion for Joinder of Additional Party [Doc. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED**.

Signed: February 1, 2021

Martin Reidinger
Chief United States District Judge